## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

STEVEN E. TARPLEY                    :

           Plaintiff              :

        v                                :          Civil Action No. L-08-1240

LT. ROBERT FRIEND, et al.            :

          Defendants            :

o0o

### MEMORANDUM

Pending are Defendants' Motions to Dismiss or for Summary Judgment. Paper Nos. 19 and 22. Also pending are Plaintiff's Motion for Summary Judgment, Motion for Extension of Time and Motion for Copy Work. Paper Nos. 21, 26, and 30. No oral argument is necessary because the parties have fully briefed the issues. See Local Rule 105.6 (D. Md. 2008). For the reasons stated below, the Court will, by separate Order, GRANT Defendants' Motions for Summary Judgment; DENY Plaintiff's Motion for Summary Judgment; GRANT Plaintiff's Motion for Extension of Time *nunc pro tunc*; and GRANT Plaintiff's Motion for Copy Work.

## I.  Background

Plaintiff claims that on January 29, 2008, during service of a 180-day disciplinary segregation sentence, prison officials moved him from housing unit 4 to housing unit 5, an administrative segregation unit. Paper No. 1. He states that while confined to disciplinary segregation he was entitled to possess paperwork pertaining to all pending legal matters.[1] Id. He further claims that prior to his move he possessed a file containing all legal documents regarding his pending post-conviction petition. Id.

---

[1] Plaintiff claims he was in the process of writing his own post-conviction petition and had completed two installments which he mailed to his brother for printing on April 2, 2007, and April 6, 2007. Id. The last installment was underway when he was moved from housing unit 4. Id.

After the move, Plaintiff discovered his legal documents were missing.  He claims the tier officer from housing unit 4 obtained the folder from Plaintiff's former cell mate, gave the folder to the duty officer, who sealed the documents in a bag, and turned it over to the property officer. Plaintiff claims he attempted to retrieve his property via informal and formal requests filed with the warden, but his requests went unanswered.  He seeks an injunction prohibiting Defendants from continuing to withhold his legal documents.  He also seeks an order requiring Defendants to disclose the names of people to whom his legal documents were sent.  If the documents were destroyed, Plaintiff seeks monetary damages.

Defendants assert the documents were simply left behind by Plaintiff and subsequently lost. They maintain they were never in possession of the documents and assert that Plaintiff has failed to properly exhaust administrative remedies with respect to this claim.

## II.  Non-Dispositive Motions

Plaintiff's unopposed Motion for Extension of Time shall be granted *nunc pro tunc.*

Plaintiff seeks copy work at the government's expense.  Paper No. 30.  He states that exhibits 13 through 16 to Defendant's Motion for Summary Judgment in Civil Action WMN-02-3461 help establish his claim that there is "an organized conspiracy to harass, and retaliate against [him] for [his] exercise of [his] First Amendment Right."  Id. at p. 2.  Specifically, he states that in the documents sought, he is described by prison staff as dealing with his frustrations by writing complaints.  Id.  Because he has stated a particularized need, the copies will be provided to Plaintiff. Additionally, the Court has reviewed the documents referenced by Plaintiff in the context of this case.

The exhibits consist of three psychiatric evaluations and a behavior observation check list for administrative segregation confinement at Eastern Correctional Institution.  See <u>Tarpley v. Kupec</u>, Civil Action No. WMN-02-3461 at Paper No. 29, Ex. 13 – 16 (D. Md. 2002).  The psychiatric evaluations were prepared in response to a request to evaluate Tarpley for dangerousness and to determine if he exhibited any signs of psychosis.  Both reports conclude that Tarpley is not psychotic and should be held responsible for his behavior as any other inmate is held responsible.  One report states in part:

> While his past impulsive behavior is of concern, Mr. Tarpley has shown a constructive ability to try and effectively deal with his frustrations through written complaints.  This suggests some forethought and the ability to deal with problems and frustrations in a non-violent manner if he wishes to do so.

<u>Id</u>. at Ex. 14, p. 2.  The documents cited establish that psychology staff in 2002 believed Tarpley was capable of controlling himself, was not suffering from any major psychiatric illness, and should be treated like any other inmate.  The information does not point to a widespread conspiracy against Plaintiff.

### III.  Standard of Review

<u>Summary Judgment</u>

A Motion for Summary Judgment is governed by Fed. R. Civ. P. 56(c), which provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the non-movant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility."  Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

Administrative Exhaustion

The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
>  No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (emphasis supplied).

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions.  It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim.  See  Porter v. Nussle, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).  "The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." Nussle, 534 U.S. at 524.  "[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." Anderson v. XYZ Correctional Health Servs., Inc., 407 F. 3d 674, 681 (4th Cir. 2005).

Defendants have properly raised the defense of non-exhaustion.  They assert Plaintiff has failed to properly exhaust his claim that legal material was removed from his cell on January 29, 2008, and improperly withheld by prison staff.  Paper Nos. 19 and 22.  The parties do not dispute that an administrative remedy complaint (ARP) was filed by Plaintiff concerning the January 29, 2008 move.  Defendants allege it was filed untimely, and, therefore, Plaintiff failed to properly exhaust administrative remedies.  Paper No. 22.   The ARP filed by Plaintiff was hand-dated February 15, 2008.  Id. at Ex. 2, p. 5.  It was marked as a copy and sent to the Commissioner of Correction along with an appeal stating that the warden had never acknowledged receipt of the timely filed ARP.  Id. at p. 4.  The Court finds there is a genuine dispute of material fact regarding whether Plaintiff properly availed himself of the administrative remedy process.  Accordingly, the Complaint will not be dismissed for failure to exhaust administrative remedies.

**IV.  Analysis**

<u>Access to Courts Claim</u>

Prisoners have a constitutionally protected right of access to the courts.  <u>See</u> <u>Bounds v.</u>

<u>Smith</u>, 430 U.S. 817, 821 (1977).  However:

> <u>Bounds</u> does not guarantee inmates the wherewithal to transform
> themselves into litigating engines capable of filing everything from
> shareholder derivative actions to slip-and-fall claims.  The tools it
> requires to be provided are those that the inmates need in order to
> attack their sentences, directly or collaterally, and in order to
> challenge the conditions of their confinement.  Impairment of any
> other litigating capacity is simply one of the incidental (and perfectly
> constitutional) consequences of conviction and incarceration.

<u>Lewis v. Casey</u>, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access

to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to

sentences or conditions of confinement before the courts.' <u>O'Dell v. Netherland</u>, 112 F. 3d 773, 776

(4th Cir. 1997) (quoting <u>Lewis</u>, 518 U.S. at 355).   "The requirement that an inmate alleging a

violation of <u>Bounds</u> must show actual injury derives ultimately from the doctrine of standing, a

constitutional principle that prevents courts of law from undertaking tasks assigned to the political

branches." <u>Lewis</u>, 518 U.S. at 349.

Plaintiff claims he was prevented from filing a third installment of a post-conviction petition

because his legal documents, including trial transcripts, were improperly withheld by Defendants.

Paper No. 1.  Plaintiff does not allege, nor offer any evidence of, an actual injury resulting from the

deprivation of the documents.[2]  There is no allegation that Plaintiff missed a filing deadline or was

---

[2] The Court notes that Plaintiff is entitled to the assistance of counsel in filing a first post-conviction petition.  According to the state docket for Plaintiff's post-conviction case, he is represented

unable to pursue a meritorious claim due to his lack of access to the documents allegedly taken.

Due Process Claim

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy.  See Parratt v. Taylor, 451 U. S. 527, 542-44 (1981), overruled on other grounds by Daniels v. Williams, 474 U. S. 327 (1986).  The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.[3] See Juncker v. Tinney, 549 F. Supp. 574, 579 (D. Md. 1982).[4]  Accepting Plaintiff's allegations as true, he has failed to state a constitutional claim with respect to the loss of his property.

**V.  Conclusion**

Defendants are entitled to summary judgment in their favor on all claims raised.  A separate Order follows.

July 9, 2009

/s/
_____
Benson Everett Legg
Chief Judge

---

by counsel provided by the Office of the Public Defender, Collateral Review Division.  See State of Maryland v. Steven Edward Tarpley, 12K00001408 (Harf. Co. Cir. Ct. 2000); http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp

[3]Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[4]Although Juncker dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given Juncker's reliance on Parratt in dismissing Plaintiff's due process claim.